957 F.2d 912
 294 U.S.App.D.C. 163
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Don W. SMITH, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD, and James B. Busey,
Administrator, Federal Aviation Administration, Respondent.
 No. 91-1013.
 United States Court of Appeals, District of Columbia Circuit.
 March 20, 1992.
 
 Before HARRY T. EDWARDS, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This appeal was considered on the record and the supplemental materials from the National Transportation Safety Board and on the briefs filed by the parties. The court has determined that, with one exception, the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). Upon consideration of the foregoing and the motion to supplement the record and the opposition thereto, the motion to supplement the addendum to the brief for the respondents and the opposition thereto, the lodged revised respondents' brief, and the motion to strike, it is
 
 
 2
 ORDERED that the motion to supplement the record and the motion to strike be dismissed as moot. It is
 
 
 3
 FURTHER ORDERED that the motion to supplement the addendum to the brief for the respondents be granted. It is
 
 
 4
 FURTHER ORDERED AND ADJUDGED that the petition for review be denied as to petitioner's claim concerning an ex post facto application of the law and the notification of changes in the Terminal Control Area boundaries. The National Transportation Safety Board properly affirmed the Federal Aviation Administration's (FAA) order suspending appellant's pilot certificate for sixty days. On remand, the FAA presented evidence indicating that the sixty-day sanction policy was in effect on the date of appellant's violation. The imposition of the sixty-day suspension therefore did not constitute an ex post facto application of the law. Moreover, the FAA gave proper notification prior to altering the Terminal Control Area boundaries in the Dallas/Fort Worth area.
 
 
 5
 The Clerk is directed to calendar this case for presentation to a merits panel solely on the question whether the issuance of Bulletin No. 86-2 was in violation of section 552(a) or section 553 of the Administrative Procedure Act, 5 U.S.C. §§ 552(a), 553, and, if so, what the effect of any such violation may be on the validity of the penalty assessed. The parties are directed to file new principal briefs, not to exceed twenty typewritten pages and fourteen typewritten pages for the reply, addressing the aforementioned issue only. The Clerk is directed to issue a new briefing schedule in the order advising the parties of the argument date.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until resolution of the remainder of the petition for review.